Argued and submitted June 22, 1992, affirmed March 31, 1993

Kusha BHATTARAI,
*Respondent,*

*v.*

David R. STEIN,
dba Select Design Homes,
dba Stein Construction,
*Petitioner,*

*and*

CONSTRUCTION CONTRACTORS BOARD,
*Respondent.*

(34252-105; CA A71310)

849 P2d 1153

Judicial Review from Construction Contractors Board.

Steven L. Price, Hillsboro, argued the cause and filed the brief for petitioner.

Denise Stern, Portland, argued the cause for respondent Kusha Bhattarai. With her on the brief was Samuels, Yoelin, Weiner, Kantor & Seymour, Portland.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent Construction Contractors Board. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner, a home builder, seeks review of an order of the Construction Contractors Board that he pay respondent $21,250 to repair a driveway that he built. He challenges the Board's finding that the steepness of the driveway causes poor visibility and the Board's conclusions that this claim survives a prior release and that the "cost to repair" is the correct measure of damages. We affirm.

Petitioner contracted to build a home for respondent and his wife, Kusha and Anju Bhattarai, for $124,618. He offered them a choice of floor plans and advised them that the plan they selected was suitable for their lot. During construction, an unrelated dispute arose, and the parties negotiated a settlement that included a partial release of claims. The Bhattarais took possession of the home two weeks later and became concerned about the steepness of the driveway.

They filed a claim with the Board. The slope of the driveway is 37.5 percent, almost twice the maximum grade of 20 percent permitted by city ordinance. The hearings officer found that, because of the grade, "one cannot see whether any children or others are present in the garage" when driving up the driveway and, when backing down, "one cannot see whether anyone is present on the road." The hearings officer concluded that petitioner had materially breached his contract and ordered him to pay $21,250, the cost to lower the garage and reconstruct the driveway in compliance with the 20 percent grade restriction. The Board affirmed the findings and conclusion of the hearings officer.

■ We have reviewed the record and conclude that the finding that the driveway's angle causes poor visibility is supported by substantial evidence. ORS 183.482(8)(c) provides, in part:

"Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

The testimony of the owner regarding his difficulty to see ahead of and behind his vehicle while using the driveway supports the Board's finding.

■ Petitioner assigns error to the conclusion that the driveway claim is not barred by the settlement agreement. The Bhattarais agreed to release all claims

> "except those claims or damages which may arise after possession of the home has been delivered to the Bhattarais and which are covered by [petitioner's] one year warranty."

Petitioner argues that the Bhattarais knew that the slope was too steep before they took possession and that the problem is not covered by his warranty for labor and materials. The parties offered conflicting evidence on the issue. The hearings officer found:

> "9. * * * The parties signed the settlement agreement on March 9, 1989, prior to the actual installation of the concrete driveway of the residence * * *. At the time the driveway had been graded, but the concrete had not been poured and the claimant was unaware of the severe grade of the driveway * * *.

> "10. On March 24, 1989, the claimant took possession of the residence.

> "11. The claimant became concerned with the steepness of the driveway and placed a telephone call to the respondent regarding the matter."

The findings support the Board's conclusion that the Bhattarais did not know about the driveway slope problem before taking possession.

■ Petitioner cites a Washington case, *Teufel v. Wienir*, 68 Wash 2d 31, 411 P2d 151 (1966), to support his claim that the slope problem is not covered under his one-year warranty for labor and materials. However, *Teufel* involved a design defect beyond the contractor's control. A specific component, designated by the purchasers by trade name, standard and type, was, by design, inadequate for the purchasers' intended purpose. 68 Wash 2d at 36. Here, the driveway slope was not beyond petitioner's control. He determined the elevation of the garage and graded the driveway. His labor and materials created a slope that is excessively steep. The settlement agreement does not bar the claim.

■ Finally, petitioner insists that the Board improperly used the cost of replacement or repair as the measure of damages. That is the correct measure of damage for defective

work unless it would generate undue economic waste. *Beik v. American Plaza Co.*, 280 Or 547, 555, 572 P2d 305 (1977). In *Beik*, a contractor installed inferior doors and air conditioners in a $40,000 condominium. The court concluded that the cost of repair, $8,700, was not disproportionate, because the repair did not require a structural change, the defect made the condominium uninhabitable and, without a repair, the plaintiffs would be left with "an obviously inferior condominium." 280 Or at 556.

The Board concluded, on the basis of reasons similar to those discussed in *Beik*, that the repair of the driveway grade would be expensive but that "this expensive correction does not constitute undue economic waste." The Board said:

"[T]he safety of the public is in jeopardy as a result of the negligent and improper work performed by the respondent. The extraordinary steep driveway is akin to a loaded gun just waiting to go off. While the claimant *may* learn to live with the problem, no one knows if a deliveryman, visitor, or some other person using the driveway may cause injury to the claimant's family, themselves, or some other member of the public.

"Regardless of the present value of the home, the steepness of the driveway will likely reduce its resale marketability, and eventual sales price." (Emphasis in original.)

The Board correctly adhered to the cost of repair or replacement as the measure of damage and adequately explained its reasons for that decision.

Affirmed.